Case Number 21-5215 United States of America v. China Telecom Americas Corporation, Ithalland Ms. Kummer for the Ithalland, Mr. Ross for the Ithalland Good morning May it please the court, my name is Rachel Kummer and I would like to reserve three minutes for by failing to undertake the 50 U.S.C. Section 1806G analysis, that is, by failing to determine whether due process requires discovery or disclosure of the classified information that the district court found was lawfully surveilled. This statutorily required inquiry is distinct from the analysis under Section 1806F regarding whether disclosure may be warranted to aid the district court in its review of the legality of the FISA surveillance. The district court conflated these analyses and should be reversed. CTA is in an extremely difficult position defending itself against a black box and Congress addressed that concern with careful and detailed procedural requirements in the FISA statute to protect both agreed parties and the government's interest in classified information. Congress directed the district court to engage in an important sequence of analyses and with respect to 1806G, it failed to do so. In this FISA context, it is of paramount importance that the district court turn square quarters on procedure. Now, while the majority of the district court's opinion below is redacted, such that I cannot comment upon it, the reference to error of law. Section 1806F addresses disclosure of classified information about a search to help the district court evaluate the search's lawfulness. In contrast, 1806G addresses disclosure of the fruits of the search as required to protect the target's due process rights. These are completely different and entirely distinct analyses. For review, if this is properly before us at all, our review would be de novo. That's our position, yes. So why the law is very clear you're not entitled as a matter of due process to classified information that supports an executive action like this. It is true that we are not entitled absolutely to classified information and that's not what we're asking this court for. We are entitled to the statutory required determination under 1806G, whether we are due process requires disclosure and discovery. And it is important to not engage in that statutorily required analysis. Why can't we do it? Your Honor, we think that you could do it. We think that the most appropriate action, given that the congressional statute that Congress directed the district court to make this determination in the first instance would be to reverse and remain to have the district court make that determination. But you're acknowledging it's the normal review, right? Yes, Your Honor, we are. It's something that means we can do it. Absolutely. We think that you can. And we think that that would be in alignment with both actions by the Sixth and Fifth Circuits, where they haven't conducted a de novo review of the evidence before it. We think that you could do that here. And frankly, we would be fine if you did so. We think we are entitled to that review. If you do it in the first instance, fine. We think the best course probably is to reverse and remain because it's the type of decision that district courts usually make. And that's what the statute said, directs the district court to make the decision, and they didn't. But then, of course, that would be subject to further review by you. You could do it in the first instance. And I think that's right. So we think the district court misunderstood CTA's request for a due process disclosure under 1806G as a due process attack on 1806F's ex parte in-camera review provision. But we simply don't challenge that. We do not challenge the FISA process as constitutionally infirm or seek to relitigate this court's holding in Belleville that FISA passes constitutional muster. We think that we are entitled, as Judge Cassis and Judge Edwards have referenced, to a determination with respect to whether due process requires disclosure. It may be that the evidence that is in the classified materials, that I can't speak to because I haven't seen any of it, could contain evidence that is helpful to my client's defense. It could contain expulsory materials or certain other materials that due process requires to be disclosed. I simply don't know. And I ask that this court do that determination or reverse and remain to have the district court do it first. I think it's important that in referencing 1806G, the district court quoted this court's decision in Belleville, which doesn't address 1806G at all, and that Belleville is only relevant here because this court recognized in Belleville that a respondent's difficulties in mounting its defense without access to the relevant materials, and found that Congress was also aware of those difficulties, and that Congress made a thoroughly reasonable attempt to balance the competing concerns of individual privacy and foreign intelligence. That balancing includes 1806G's mandate that the district court determine whether due process requires discovery or disclose, which it failed to do, which is why we ask this court reverse. Suppose we decide in the FCC case that we can uphold the license revocation without reference to any classified information. Does that moot out this case? No, Your Honor, it does not. This is a separate and distinct appeal. Why does it matter? It matters for the following reasons. I mean, this is all about revocation of the license. You have a perfectly fair concern that that might rest on classified information, which you haven't seen. And my hypothetical is just taking that out of the case. So what difference does it make? I understand. So were this court to determine either through its own review of the classified information, or if the district court were to make that determination in the first instance, that there, in fact, were helpful, exculpatory, or other discovery that we were entitled to. We could use, CTA could use that information either in seeking to have the FCC reconsider its prior revocation, in defending or seeking other licenses, or I think, crucially, in its defense with respect to other federal agencies that we know have access to the classified information that we don't have. So it could be that they're almost like an ongoing poison of the tree, right? We ought to be able to defend ourselves. If there's something in there we can use. Suppose we conclude that the classified information is not exculpatory, and that the inculpatory, unclassified evidence in the FCC record is sufficient to uphold revocation. Does that then moot out? I don't think it moots it out. I think they are just entirely separate issues. We think that you should review the revocation case, as my colleague will address, purely on the unclassified information, because that's what's in the final agency record before you, without reference to the classified information, which the government has said supports their case, but that they didn't rely on it, right? So I think with respect to the next argument, that should be limited to the unclassified evidence. I don't think that impacts whether we are entitled to a corruption of the legal error here, which is the district court did not conduct the analysis that was required under the statute, and we are entitled to a determination whether due process requires the disclosure of, it could be exculpatory or evidence under this first unit standard that might be helpful or otherwise. And so I don't think it should moot it out. We would still be able to use that evidence in our defense were it to exist, and as this court said in Nickery, just because you may not anticipate that a petitioner could put on such evidence, you also can't assume that we can't. We're entitled to a review of the classified information and to determine whether due process requires that disclosure. Well, if we make the determination that in our view, you do not have a viable claim under the due process principles, that is what was done was legally permissible. And I'm not sure where is that leaving you? What is your argument? Judge Edwards, I think that's two separate issues. I understand what you're saying. Well, okay. So it leaves my argument in the following place. It may be that the discernation that the FCC made with respect to the unclassified evidence in the final agency record leaves you in a position of affirming with respect to the revocation. I don't know. I can't speak to that particular issue. Here, we are still entitled to know whether the classified information would have provided us anything we could have set in our defense and whether we could use that information going forward. I think that that's a critical distinction. You know, China Telecom Americas could still seek other licenses. We could still defend other licenses. We could still be subject to actions by other agencies like commerce or other parts of the federal government, other federal agencies. If this classified record that was obtained through FISA surveillance contains information that would be helpful to our defense, we ought to be able, under the FISA statute... Helpful to your defense with respect to what? The FCC case or some hypothetical case that's not before us and that we can't contemplate? Well, the case that is before you is whether the district court appropriately complied with FISA. I understand. The second issue is whether the FCC's determination was appropriate on the agency record before. In the FISA case, it really isn't contingent on how the information is going to be used. Congress directed the district court to make a determination of whether due process requires that disclosure. Here, we think that we are entitled to that determination based on either your review or the district court's review of the classified record. The whole predicate of the 1806 action is that the government intends to use the information in a proceeding. I think that that... A proceeding here is the FCC's revocation. That was the government's predicate for filing their petition and indeed was the notice that we received and why we then knew that CCA had been subject to surveillance. But that's not part of the 1806 requirement. We were entitled to a determination of whether due process required that disclosure and we haven't received it. With respect, we submit that we should be entitled to it. I will hold my last three minutes if that's fine. So, Dwayne, give me... I want to make sure I understand your bottom line. Separating the case and just taking the view of the district court's decision, which is what we're talking about. Yes, sir. What is the error in your mind that would cause us to reverse? The district court... Specifically. The district court made no determination. The district court was required to conduct a two-part analysis. We understand that the district court conducted an 1806F analysis and did not believe that it was necessary to disclose to CTA. Tell me what analysis you think is missing because this is de novo review, remember. What analysis do you think results, the failure to engage in it, results in reversal? There's no Matthews analysis. Excuse me? There's no Matthews analysis. There's no analysis in the district court's opinion with respect to whether due process required disclosure of the lawfully surveilled, the evidence that she found... All of which we can do. And if we conclude that with respect to... Those are two questions you've raised. We conclude that there is no problem there, then you have no viable claim. I don't believe that we have no viable claim, Your Honor. We are... You have a viable claim, you can't prevail. We are comfortable that this court has the authority, given that it's de novo review, to review the classified evidence in the first instance if we were to choose to do so. Right. And to perform the 1806D analysis here, we think the better course is to reverse the district court's view. I've heard that. I know you prefer to get a remand. I'm trying to ask you, I want to confirm that we can conclude that all was fine under G, having reviewed the record, right? Isn't that right? If you review the record and determine that there is no disclosure warranted, then I think that's a determination you could make here in the first instance, given the standard of de novo review. Yes, we... Frankly, we just want someone to do the analysis. We think it probably should be the district court, but if the district court... If you got an opinion from us saying, we've done the analysis, de novo, we've looked at everything there is to look at, and there is no viable claim here, I think they have a claim, but we're not upholding laws against them. If we... That would be the end of it, right? We certainly can't anticipate possible uses in cases that are not before us. So all you're talking about is the due process, the failure of due process. The district court... I'm just trying to make sure I'm understanding what you're saying. Your alleged error is the district court didn't do a clean enough review of the record as required by G, and therefore it should go back to the district court. That's what you're saying. We look at it de novo and say, no, it's there. Then what? They're not entitled to disclosure. If this court determines under 1806 G in its own de novo review of the classified information that there is no... We would not be entitled to disclosure. I agree with that. We have also asked this court to review the district court's 18 determinations with respect to the vast majority of the opinion that is redacted. We just don't have that in our briefs. There's really nothing I can say about it. That's a secondary request that we have, but our primary argument is with respect to what we believe to be the clear area law on 1806 G. Okay, thank you. All right, Mr. Ross. Thank you, Your Honors. May it please the court. Cason Ross of the United States. The district court properly determined that FISA surveillance at issue here was lawfully conducted and no disclosure of classified information was necessary either to make that legality determination or to satisfy due process. Before you get into the merits, can I just ask you about your appellate jurisdiction point? Sure, Your Honor. So you don't... I mean, there's an interesting question about whether the district court order would have been reviewable when that proceeding was concluded and the FCC proceeding was ongoing. But the FCC proceeding is done now. So you don't contest that we can reach the merits either... We can reach the merits of what the district court did through our review of the FCC order, correct? That's correct, Judge Cass. This court can review the legality of the surveillance on its own in the FCC revocation proceeding that the court lacks jurisdiction in 21-52-15, this particular case. The question is largely academic at this juncture. That would just come up through the PFR of the FCC. That's correct, okay. And the text of the Foreign Intelligence Surveillance Act makes that clear that only a certain specific discrete class of orders are final and... It does not make that clear. And no court of appeals has endorsed that view, not even the Ninth Circuit that you point to. That's just not correct. The end analysis of your argument is no review of the district court's determination is possible because of H. The statute just doesn't address it. What it does is to make it clear that certain kinds of actions adverse to the government are clearly reviewable, but the government's in a different position than the claimants. And there's no court of appeals that's brought to review, none. You read Judge Randolph's opinion in bar, he may... He starts assuming that review is possible in Ninth Circuit, the Fifth Circuit. Everyone assumes, even the Ninth Circuit Hamid assumes that at an appropriate time, of course, review is possible. Yes, absolutely, Your Honor. My position was... My argument was much more modest, rather that it's not reviewable on an interlocutory appellate posture as it is here, or as China Telecom appealed here. As I said in response to Judge Katz, the question is largely academic at this point because the same two cases are before the same panel. Now, what I'm saying is something more, your assumption that it's interlocutory is questionable, but it may not matter in this case. It does not matter in this case. That's correct. And so the court need not reach that question. The FISA statute itself makes clear though, that every time the government files an 1806 petition, it is in conjunction with another proceeding. And so any 1806 petition is necessarily tied to an underlying substantive determination. Normally that's in a criminal proceeding and it would be brought in the same district court. And the logical conclusion of China Telecom's position is that in this case, the court could exercise appellate jurisdiction in instances in which the proceedings are bifurcated, but not in a criminal proceeding. So were the same order entered in a district court proceeding, Your Honor? The statute is clear that there would not be immediate review on appeal, but only after a final judgment has been entered. And it would be anomalous to have a different result here. But absent additional questions about the court's appellate jurisdiction, as the record plainly demonstrates, the surveillance here was lawfully conducted and there is no necessity to disclose classified information, either under 1806 F or under 1806 G. A due process did not require any particular disclosure of classified information. And indeed, the government is unaware of any other circumstance in which a district court has ordered disclosure under 1806 G except in Dawood, which the Seventh Circuit subsequently reversed. If there are no further questions, we urge the court to dismiss case 21-5215 for lack of appellate jurisdiction or an alternative affirm. All right, thank you. Thank you. Ms. Kummer, why don't you take one minute? Honors, the government is incorrect that this court lacks appellate jurisdiction in the SPISA appeal. This court has jurisdiction both under 1291 as a final order and as a collateral order. And I think it's particularly important here that we look at the kind of relief that would be available in the distinct vehicle. If this court exercises the appellate jurisdiction that it has to review here, you have the ability to remand to the district court, which is what Congress, as we've discussed at length when I was first standing here, the court that Congress directed to make this determination in the first instance. When this court, because this is coming up from an administrative proceeding, if this court were to review the FISA issue in the merits case, you only have the ability to remand to the FCC, which can't speak to the FISA issue. So in that instance, I think you would have to do the determination by yourself here out of de novo basis because there's no one to remand to. I think that's quite different. And it's an important point for appellate jurisdiction reasons. And I think something that this court should clarify when issuing its opinion in this case. Suppose the FCC, and then I'm not going to hold up any longer. Suppose the FCC determination had not yet been made and it wasn't scheduled for argument before this court for say a month or two. And all you had was the appeal from the district court. Frankly, we don't think, we think that you have jurisdiction here in this case, similar to- No, just take my hypothetical. Yes, sir. I'm doing so. We think that in some ways, the answer is the same because you have jurisdiction in this case, regardless of whether that case is currently up on appeal before this panel or in the fourth circuit where we could have sought appeal from that case or whether it's still languishing in the administrative agency following the Supreme Court's opinion. We would not know in my hypothetical whether the FCC was going to use any of the classified material because we don't have the opinion before us. Still be able to make a determination whether the district court would still have been able to make a determination whether due process required that disclosure. And I think that really loops back to our prior discussion. It is always possible in an appeal from the FCC that there would be a split in the courts because Trident Telecom could have taken an appeal to this court or to the fourth circuit. And it wouldn't be a tag along order. That is another reason why this court should exercise jurisdiction and either make the determination here in the first instance under deed or remand. All right. This court has no further questions. Thank you very much. Thank you. All right.
judges: Henderson, Katsas, Edwards